UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| XAVIER M. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00002-JPH-MJD |
| ) | |
| RICHARD BROWN, *et al.* ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court for ruling on Xavier Miller's motion for leave to proceed *in forma pauperis* and for screening of his complaint pursuant to 28 U.S.C. 1915A.

**I. Motion for Leave to Proceed *In Forma Pauperis***

Mr. Miller's motion for leave to proceed *in forma pauperis,* dkt. [2], is **GRANTED**. Notwithstanding the foregoing ruling, Mr. Miller remains liable for the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). However, the assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

**II. Screening and Dismissal of Complaint**

Mr. Miller is an inmate at Wabash Valley Correctional Facility (WVCF). Because Mr. Miller is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

A.  **Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

B.  **The Complaint**

Mr. Miller's complaint describes an incident that occurred at WVCF on May 24, 2019. He asserts claims for damages against seven defendants: Warden Richard Brown, Legal Liaison Mike Ellis, Lieutenant Christopher Nicholson, Sergeant Eric Drada, Officer C. Berg, Legal Liaison Secretary Starla, and Officer C. Orndorff.

Mr. Miller is the plaintiff in another lawsuit in this Court, case no. 2:19-cv-00166-JRS-MJD. Warden Brown, Lieutenant Nicholson, Mr. Ellis, and Sergeant Drada are all defendants in that case. Mr. Miller filed his complaint in that case on April 4, 2019.

The complaint alleges that Mr. Miller took a folder with him to recreation on May 24, 2019, that contained his complaint and evidence supporting his claims in the other lawsuit. Officer Berg escorted Mr. Miller, in handcuffs, back to his cell after recreation. Mr. Miller asked if he could hand his folder off to another inmate on the way back. Officer Berg did not respond, so Mr. Miller

attempted to hand off the folder. Officer Berg took the folder. Mr. Miller became angry, and Officers Berg and Orndorff forcibly moved him back to his cell.

Mr. Miller filed several grievances regarding the confiscation of his legal folder but did not receive it back until June 18, 2019. He received the folder from Mr. Ellis. Documentation also shows that Lieutenant Nicholson, Officer Berg, and Starla possessed the folder at different points while it was outside Mr. Miller's possession.

As relief, the Complaint seeks only punitive damages.

**C.     Dismissal of Complaint**

Mr. Miller asserts claims pursuant to 42 U.S.C. § 1983 and numerous constitutional provisions. For the reasons set forth below, Mr. Miller has not stated a plausible claim for relief under any theory. Accordingly, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted.

  **1.  First Amendment Retaliation**

Mr. Miller asserts principally that the defendants retaliated against him for pursuing case no. 2:19-00166-JRS-MJD in violation of his First Amendment rights. To prevail on his First Amendment retaliation claim, a plaintiff must show that "(1) []he engaged in activity protected by the First Amendment; (2) []he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity []he engaged in was at least a motivating factor for the retaliatory action." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (internal citations omitted).

The complaint does not assert allegations that support a plausible First Amendment retaliation claim.

To begin with, no allegations support an inference that that Warden Brown, Sergeant Drada, or Officer Orndorff were involved in confiscating or keeping Mr. Miller's legal folder. *See Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (Individual liability for money damages under 42 U.S.C. § 1983 "requires personal involvement in the alleged constitutional deprivation." (internal quotation omitted)).

Moreover, no facts support an inference that Mr. Miller suffered a deprivation that would likely deter a person from engaging in protected activity. Construed in the light most favorable to Mr. Miller, the complaint alleges that he tried to pass property to another inmate while handcuffed and without obtaining approval from the officer who was escorting him. He became angry when the officer took the property from him. The officer confiscated the property, and Mr. Miller recovered it a few weeks later. This temporary deprivation of property does not support a retaliation claim. *See Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("To the extent that Watkins relies on the destruction of his personal legal materials, his complaint is better characterized as a deprivation of property claim, for which he may seek relief at state law. . . . Watkins cannot use these property and access-to-courts harms to salvage a First Amendment retaliation claim . . . .").

Additionally, the complaint does not allege that Mr. Miller suffered any more than a minimal injury as a result of the defendants' confiscation of his legal materials. To state a retaliation claim, the plaintiff must plead that he suffered an injury that is "more than *de minimis*, that is, more than trivial." *Schultz v. Pugh*, 728 F.3d 619, 621 (7th Cir. 2013). "[E]ven in the field of constitutional torts . . . [a] tort to be actionable requires injury." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). *See also Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014) ("[T]here is no tort without an actionable injury caused by the defendant's wrongful act."). Mr. Miller alleges

that he was deprived of his legal materials for a few weeks. There is no allegation that any documents were lost or destroyed. There is no allegation that he missed any deadline or otherwise suffered any loss in his other lawsuit due to his temporary deprivation of his legal materials. He does not seek compensatory damages or otherwise indicate that he suffered any monetary loss.

Although Mr. Miller's temporary separation from his legal folder was "a real injury" it is also "small and invariably difficult to monetize by the clumsy processes of litigation." *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993). And to the extent Mr. Miller alleges that the prison staff's confiscation of his legal folder allowed the defendants in case no. 2:19-cv-00166-JRS-MJD to view his evidence and work products, he may raise the issue in that case, where it will be easier to determine which of the documents are relevant, which have otherwise been exchanged through discovery, and what impact their confiscation had on the case.

## 2. Access to Courts

Mr. Miller alleges that the defendants violated his right of "access to the courts." Dkt. 1 at 4. "Prisoners have a fundamental right of access to the courts," and prison staff "may not impinge on a prisoner's efforts to pursue a legal claim attacking . . . his criminal judgment." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012). However, "to satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury." *Id.* "That is, they must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *Id.* at 661.

The complaint does not allege that the prison staff's confiscation of Mr. Miller's legal materials frustrated or impeded his efforts to litigate his claims in case no. 2:19-cv-00166-JRS-MJD. An access-to-courts claim must seek "to remedy rights denied in a separate case due to the impediment" caused by the defendants' misconduct. *In re Maxy*, 674 F.3d at 661. There is no

5

indication that the prison staff's confiscation or detention of Mr. Miller's legal materials caused him to miss a deadline or lose a right in case no. 2:19-cv-00166-JRS-MJD, so no access-to-courts claim is viable.

### 3. Equal Protection

Mr. Miller asserts that the defendants violated his Fourteenth Amendment right to equal protection of the laws. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1). "The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). To establish a violation of the Equal Protection Clause, the plaintiff must prove that the defendants' actions "'had a discriminatory effect' and that the defendants 'were motivated by a discriminatory purpose.'" *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001)).

The complaint does not allege that Mr. Miller belongs to a suspect class, nor does it allege that the defendants discriminated against him because he belongs to a suspect class. The complaint does not allege that the prison staff treated him different from other inmates who behaved similarly. No allegations in the complaint support a conclusion that the defendants' confiscation of his legal materials had a discriminatory effect or that it was motivated by a discriminatory purpose. No equal protection claim may move forward.

### 4. Cruel & Unusual Punishment

Finally, the complaint alleges that the defendants subjected Mr. Miller to cruel and unusual punishment in violation of the Eighth Amendment. The Court has considered whether the defendants violated Mr. Miller's Eighth Amendment rights by subjecting him to unconstitutional conditions of confinement or by using unnecessary and unreasonable force against him.

The Eighth Amendment obligates prison officials to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment, though, a plaintiff must allege facts sufficient to support a claim that the "conditions of his confinement resulted in the denial of the minimal civilized measure of life's necessities, and that the defendants were deliberately indifferent to the conditions in which he was held." *Gruenberg v. Gempeler*, 697 F.3d 573, 579 (7th Cir. 2012) (internal quotations omitted). Although Mr. Miller's legal materials may have been necessary for him to pursue his rights through litigation, they were not among "life's necessities" within the meaning of the Eighth Amendment.

The Eighth Amendment also prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Whether a correctional officer's use of force "inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citation and quotation marks omitted). "To determine whether force was applied in good faith, [the court] consider[s] several factors." *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Those factors include "'the need for the application of the force, the amount of force applied, the threat an officer reasonably

perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate.'" *Id.* (quoting *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004)).

Viewed in the light most favorable to Mr. Miller, the complaint alleges that he attempted to pass a folder to an inmate in a different cell, while he was being escorted to his own cell in handcuffs, and without first receiving authorization from the prison staff. More importantly, the complaint alleges that Mr. Miller's "anger flared." Dkt. 1 at 5. Only then did Officers Berg and Orndorff begin "bending plaintiff's arms up and forcing him to his cell." *Id.* There is no allegation that Mr. Miller suffered a physical injury.

These allegations indicate that the officers reasonably perceived a threat based on Mr. Miller's angry outburst and that they responded by using minimal, noninjurious force in a good faith effort to restore order by returning Mr. Miller to his cell. No allegation in the complaint supports an inference that the officers acted maliciously or sadistically to inflict unnecessary pain.

### III. Conclusion and Further Proceedings

Mr. Miller's motion for leave to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. However, for the reasons discussed in Part II(C), his complaint is **dismissed** for **failure to state a claim** upon which relief may be granted.

Mr. Miller shall have **through April 24, 2020**, to file an amended complaint that resolves the deficiencies discussed in this Entry. The amended complaint must include the case number associated with this action, no. 2:20-cv-00004-JPH-MJD. It will completely replace the original complaint, and it will be screened pursuant to § 1915A(b), so it must include all defendants, claims, and factual allegations Mr. Miller wishes to pursue in this action. If Mr. Miller fails to file an amended complaint within the time provided, the Court will dismiss this action without prejudice—and without further warning or opportunity to show cause.

**SO ORDERED.**

Date: 3/27/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

XAVIER M. MILLER
201448
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838